IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ATLANTIC RECORDING CORPORATION,
 *et al.*,

               Plaintiffs,

                                     Civ. Action No.
                                     5:05-CV-0919 (NAMDEP)

   vs.

PAULA TERRELL,

               Defendants.
_____

APPEARANCES:                     OF COUNSEL:

FOR PLAINTIFF:

WOLFORD, LECLAIR LAW FIRM     STEVEN E. COLE, ESQ.
16 East Main St.
600 Reynolds Arcade Bldg.
Rochester, NY 14614

FOR DEFENDANT:

[NONE]


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

    Plaintiffs, the copyright owners or licensees of exclusive rights with

respect to eleven copyrighted sound recordings, commenced this action

against defendant Paula Terrell alleging copyright infringement, in violation of the Copyright Revision Act of 1976 (the "Act"), 17 U.S.C. § 101 *et seq.* Plaintiffs' complaint asserts that the infringements occurred through defendant's use of an online media distribution system to download the copyrighted sound recordings and to distribute and make them available to others in that fashion. Plaintiffs seek various relief available under the Act including, *inter alia*, statutory damages and a permanent injunction.

Defendant's liability for copyright infringement has been established as a result of her default, and the matter has been referred to me both for issuance of a report and recommendation regarding the amount of statutory damages to be awarded and for findings in connection with plaintiffs' request for the entry of a permanent injunction. For the reasons set forth below I find that since plaintiffs seek only minimum statutory damages no evidentiary hearing is required, and recommend that their request for statutory damages be granted. I further find that plaintiffs are entitled to the entry of a permanent injunction based upon the allegations set forth in their complaint and the presumption that unless such relief is awarded, they will experience irreparable harm.

I.  BACKGROUND[1]

Plaintiffs are the owners or exclusive licensees under the Act with respect to the eleven copyrighted sound recordings listed in an attachment to their complaint. Complaint (Dkt. No. 1) ¶ 11 & Exh. A. A proper notice of copyright was affixed on the respective album cover of each of those eleven sound recordings, as required under 17 U.S.C. § 401. *Id.* ¶ 14. Notwithstanding the protections afforded to them under the Act and the placement of those notices the defendant, without plaintiffs' permission or consent, has utilized, and continues to utilize, "an online media distribution system to download the Copyright Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available to distribution to others." *Id.* ¶ 13.

Plaintiffs commenced this action on July 22, 2005. According to a return of service filed with the court, the summons and complaint were served upon the defendant on August 2, 2005. Dkt. No. 4. At plaintiffs' request, based upon her failure to answer or otherwise properly appear in the action in a timely manner, defendant's default was entered by the clerk

---

[1]  The allegations set forth in plaintiffs' complaint relating to liability are established by virtue of defendant's default. *See Transatlantic Marine Claims Agency, Inc. v. Ace*, 109 F.3d 105, 108 (2d Cir. 1997).

3

on September 29, 2005.  Dkt. Nos. 5, 6, 5-9.

On October 27, 2005 plaintiffs moved for the entry of default judgment granting the relief requested in their complaint.  Dkt. No. 11.  That motion, which was not opposed by the defendant, resulted in the issuance on April 24, 2006 by Chief District Judge Norman A. Mordue of an order granting plaintiffs' motion and referring the matter to me for the purpose of determining the proper amount of damages to be awarded and making proposed findings to address plaintiffs' request for the entry of a permanent injunction.  Dkt. No. 12.

## II. DISCUSSION

### A. Statutory Damages

Under the remedial scheme crafted by the drafters of the Act and its predecessor, the Copyright Act of 1909, in the event of a proven infringement a copyright owner is permitted to recover either actual damages plus additional profits realized by the infringer or, alternatively, statutory damages, and to choose between these two forms of monetary relief.  17 U.S.C. § 504(a).  Addressing statutory damages, the Act goes on to provide, in relevant part, that

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of

> actual damages and profits, an award of statutory
> damages of all infringements involved in the action,
> with respect to any one work . . . in a sum of not
> less than $750 or more than $30,000 as the court
> considers just.

17 U.S.C. § 504(c)(1); *see Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 191 (1st Cir. 2004). Under this provision, "[a] plaintiff may elect statutory damages 'regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits.'" *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) (quoting Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04[A] (2000)). Statutory damage awards serve both to fulfill a compensatory or restitutionary role and to discourage wrongful conduct. *Venegas-Hernandez*, 370 F.3d at 195-96; *Cass County Music Co. v. Khalifa*, 914 F. Supp. 30, 34-35 (N.D.N.Y.) (McAvoy, C.J.), *aff'd*, 112 F.3d 503 (2d Cir. 1996). To effectuate those twin compensatory and punitive purposes, the Copyright Act establishes a wide range within which statutory damages may be awarded.[2] *See Venegas-Hernandez*, 370 F.3d at 195-96. The

---

[2] That deterrence of infringing conduct is an important element of statutory damages under the Act is demonstrated by the fact that since adoption in 1976 of the present Copyright Act Congress has twice increased the statutory damages range under section 504(c)(1), increasing the minimums and maximums, respectively, from

determination as to the amount of damages to be awarded, within the prescribed range, rests entirely within the court's discretion. *F.W. Woolworth Co. v. Contemporary Arts,* 344 U.S. 228, 231-32, 73 S. Ct. 222, 224-25 (1952); *Morley Music Co. v. Dick Stacey's Plaza Motel, Inc.*, 725 F.2d 1, 2-3 (1st Cir. 1983).

In cases where minimum statutory damages are sought, once infringement is established it is unnecessary to conduct a trial or, in the case of a default judgment, a damage inquest or hearing. *Motown Record Co. v. Armendariz*, No. SA-05-CA-0357, 2005 WL 2645005, at *2 (W.D. Tex. Sept. 22, 2005); *Sony Music Entertainment Inc. v. Elias*, No. CV036387, 2004 WL 141959, at *4 (C.D. Cal. Jan. 20, 2004); *see also Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002) (no abuse of discretion to decline a request for a hearing when awarding statutory damages within the prescribed statutory damage range). *Contrast Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 154-55 (2d Cir. 1999) (while, in the case of a default judgment, substantive allegations in a plaintiff's complaint are accepted as true, any averments

---

$250 to $500 and $10,000 to $20,000 in 1988, *see* P.L. 100-568, 102 Stat. 2853, 2860 (Oct. 31, 1988), and again in 1999 to the current range of between $750 and $30,000, Pub. L. 106-160, 113 Stat. 1774 (Dec. 9, 1999).

6

with regard to the amount of damages are not deemed established, and instead the court must conduct an inquiry to ascertain the amount of damages with reasonable certainty in a case where actual damages are awardable). In this action plaintiffs have exercised their right to elect to recover statutory damages, in lieu of actual damages and/or the infringer's profits, and seek only minimum statutory damages, in the sum of $750 per work.[3] Under the circumstances now presented, the court is powerless to award less than the amount sought by the plaintiffs.[4,5]  I therefore

---

[3]  Statutory damages are awardable on the basis of the number of protected works infringed, rather than the number of infringements. *WB Music Corp. v. RTV Commc'n Group, Inc.*, Dkt. Nos. 04-3890-CV, 04-3892-CV, 04-3901-CV, 2006 WL 1014089, at *2 (2d Cir. Apr. 19, 2006); *Venegas-Hernandez*, 370 F.3d at 192-93.

[4]  Even if the court were persuaded that defendant's conduct did not merit a damage award of $750 per sound recording, the court would not be authorized to award less. As one esteemed jurist from within this circuit has noted with regard to statutory damages under 42 U.S.C. § 605(e), a provision similar to section 504(c), notwithstanding any reservations about inequity of the statutory damage scheme established by law, a court "lacks the discretion to award a sum less than the minimum damages specified. . . Congress has made its choice, and [the courts] must abide by the law as best [they] can." *International Cablevision, Inc. v . Noel*, 982 F. Supp. 904, 911 (W.D.N.Y. 1997).

[5]  One could argue that a hearing is necessary in order to determine if defendant qualifies for reduction of statutory damages to not less than $200 per work under 17 U.S.C. § 504(c)(2), based upon a finding of innocent infringement. Innocent infringement, however, is a defense on which the infringer bears the burden, and thus a defaulting infringer does not qualify for such a reduction of statutory damages. *D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990). Moreover, a finding of innocent infringement is not available in a case where, as has been established in this case, proper notice of copyright was placed upon each of the copyrighted sound recordings in issue. *BMG Music*, 430 F.3d at 891-92.

recommend that the court's judgment include an award of statutory damages in the amount of $750 for each of the eleven works infringed, for a total of statutory damage award of $8,250.

B.   Permanent Injunction

In an action such as this, the Copyright Act authorizes a court to grant a permanent injunction "on such terms as [the court] may deem reasonable to prevent or restrain infringement of a copyright.: 17 U.S.C. § 502(a). Permanent injunctions are routinely awarded in favor of copyright owners whose protected works have been misappropriated in order to serve the public's interest in upholding copyright protections. *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir.) (citation omitted), *cert. denied*, 510 U.S. 916, 114 S. Ct. 307 (1993). Permanent injunctions are awardable as relief even in a case where judgment is entered based upon an infringer's default. *See, e.g., Claremont Flock Corp. v. Alm*, 281 F.3d 297, 298-300 (1st Cir. 2002); *Motown Record Co.,* 2005 WL 2645005, at *4; *Virgin Records America, Inc. v. Yancy*, No. 5:05-CV-370, slip op. at 7 (N.D.N.Y. Aug. 5, 2005) (Scullin, C.J.). When a plaintiff has satisfied the requirements for entry of a permanent injunction under the Act, the prohibitions includable in such

an injunction are not limited to unauthorized reproduction and/or distribution of the works in suit; instead, a permanent injunction may include a prohibition upon infringement of other works owned or licensed exclusively by the plaintiffs, including any copyrighted works which may later come into existence, particularly where there is a substantial threat of continued, ongoing infringing activity.  *Cf. Sony Music Entertainment, Inc. v. Global Arts Prods.*, 45 F. Supp.2d 1345, 1347 (S.D. Fl. 1999); *cf. Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 659 (S.D.N.Y. 1996) (granting a permanent injunction against unauthorized performance of any copyrighted compensations licensed through Broadcast Music, Inc. ("BMI"), a performing rights licensing organization); *Pedrosillo Music, Inc. v. Radio Musical, Inc.*, 815 F. Supp. 511, 516 (D. P.R. 1993) (enjoining further infringement of any copyright licensed through the American Society of Composers, Authors and Publishers ("ASCAP"), also a performing rights licensing organization).  In a case of this nature, the issuance of a permanent injunction under section 502 is appropriate upon a finding of liability for copyright infringement and "a substantial likelihood of further infringement of Plaintiffs' copyrights." *Motown Record Co.*, 2005 WL 2645005, at *3 (citations omitted); *see also*

*Elias*, 2004 WL 141959, at *4-*5.

In recommending the issuance of the requested permanent injunction, I make the following findings each of which is derived from plaintiffs' complaint and defendant's failure to appear in the action:

1. Plaintiffs are, and were at the relevant times, the copyright owners or licensees of exclusive rights under the United States Copyright laws with regard to the eleven protected sound recordings set forth in Exhibit A and attached to plaintiffs' complaint.

2. Among the rights granted to each of the plaintiffs under the Act is the exclusive right to reproduce the respective copyrighted recording at issue and to distribute it to the public.

3. The defendant, without plaintiffs' permission or consent, has used, and continues to use, an on-line media distribution system to download the copyrighted recordings at issue, to distribute them to the public and/or to make them available for distribution to others.

4. There is no evidence now before the court to suggest that the defendant has ceased in her infringing activities or that, absent the issuance of an injunction, she would do so.

5. Defendant's failure to respond to plaintiffs' complaint is indicative of her failure to take seriously the requirements of the Copyright Act and the unlawfulness of her infringing activity.

6. Absent the issuance of injunctive relief, plaintiffs will continue to suffer irreparable harm.

Based upon the findings, I recommend the entry of a permanent injunction providing as follows:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing plaintiffs' rights under federal or state law in the following copyrighted sound recordings:
>
> 1. "Suck My Dick", on album "The Notorious K.I.M." by artist "Lil' Kim" (SR# 286-624);
>
> 2. "Right Here Waiting", on album "Repeat Offender" by artist "Richard Marx" (SR# 103-712);
>
> 3. "Angel", on album "Enter the Dru" by artist "Dru Hill" (SR# 290-402);
>
> 4. "I Turn To You", on album "Christina Aguilera" by artist "Christina Aguilera" (SR# 274-004);
>
> 5. "Breakdown", on album "Butterfly" by artist "Mariah Carey" (SR# 244-014);
>
> 6. "Crybaby", on album "Rainbow" by artist "Mariah Carey" (SR# 276-595);
>
> 7. "My Love", on album "What's the 411?" by artist "Mary J. Blige" (SR# 149-212);
>
> 8. "The Message", on album "It Was Written" by artist "Nas" (SR# 220-016);
>
> 9. "The Way You Make Me Feel", on album "Bad" by artist "Michael Jackson" (SR# 84-256);
>
> 10. "Memory Lane (Sittin' in da Park)", on album "Illmatic" by artist "Nas" (SR# 207-177);

>    11.   "Remember the Time", on album "Dangerous" by artist "Michael Jackson" (SR# 178-165);
>
> and in any other copyrighted sound recording, whether now in existence or later created, that is owned or controlled by the plaintiffs (or any parent, subsidiary, or affiliate record label of plaintiffs) ("plaintiffs' recordings"), including without limitation by using the internet or any online media distribution system to reproduce (i.e., download) any of plaintiffs' recordings, to distribute (i.e., upload) any of plaintiffs' recordings, or to make any of plaintiffs' recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiffs.  Defendant also shall destroy all copies of plaintiffs' recordings that defendant has downloaded onto any computer hard drive or server without plaintiffs' authorizations and destroy all copies of those downloaded recordings transferred into any physical medium or device in defendant's possession, custody or control.

   C.   <u>Costs</u>

In their motion for default judgment plaintiffs also seek recovery of costs, in the amount of $275.  Their papers, however, do not provide any detail regarding the costs incurred, nor do they include any evidentiary support for those costs.  While presumably the costs sought include a recovery of the statutory fee of $250 for filing the action and an additional service of process expense of $25, both of which are ordinarily recoverable, I decline to make a recommendation as to the recovery of

those costs both in light of plaintiffs' failure to properly document those expenditures and because they are not within the scope of the reference of this matter to me for the issuance of a report and recommendation.  In the event that these costs are not awarded in a judgment to be entered by the court, they can be sought by the plaintiffs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure through the proper and timely filing of a bill of costs.

III.    SUMMARY AND RECOMMENDATION

In light of the allegations set forth in plaintiffs' complaint and defendant's default, I find that plaintiffs are entitled to an award of minimum statutory damages, in the amount of $750 for each copyrighted work at issue, and that no evidentiary hearing is required in order to make such an award.  I further find that plaintiffs are entitled to the preliminary injunction which they are now requesting, with slight modification to restrict only defendant's infringement of any other copyrighted work in addition to those eleven now in suit.  It is therefore

RECOMMENDED, that plaintiffs in this action be awarded, as part of the judgment to be entered in this action, statutory damages in the total amount of $8,250.00, together with a permanent injunction in the form of

that set forth above, without prejudice to plaintiffs' right to seek recovery of costs in the amount of $275, upon submission of proper documentation.

Dated: May 23, 2006
       Syracuse, NY

*David E. Peebles*
David E. Peebles
U.S. Magistrate Judge